SEVERO LÓPEZ, Plaintiff and Appellant, *v.* GERARDO IRIZARRY ET AL., Defendants and Appellees.

No. 6607. Argued March 1, 1935.—Decided April 10, 1935.

*José Veray, Jr.,* for appellant. *García Méndez & García Méndez* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff in an action for damages, appeals from an adverse judgment and submits that the district court erred in weighing the evidence. An eleven year old child, while crossing a public highway in front of a moving ox cart, was struck and knocked down. One of the wheels of the cart passed over the body longitudinally. It left its mark extending from the groin upward over a part of the abdomen, chest, face and forehead. The skull was fractured, the liver was crushed and an autopsy showed an internal hemorrhage in

the abdominal cavity. Death may have resulted from either or both of the injuries and, in the view we take of the case, it may be conceded without holding that the district court erred in finding that the child died as the result of a blow received before the wheel passed over him.

The cart was traveling along the right hand side of the highway and the child was moving in a contrary direction along the opposite side. The district judge said that the child, before crossing the road, was running on the left hand side thereof in a direction opposite to that in which the cart was moving. The statement of the case and opinion as a whole shows clearly enough that the judge was speaking of the left hand side of the road from the standpoint of the moving vehicle which was on its right. He did not mean that the child was running along the same side of the road upon which the cart was traveling.

As the cart approached a lane or cross road leading to the right from the main thoroughfare, the oxen, according to the testimony for plaintiff and some of the testimony for defendant, tried to turn into this lane or cross road. According to this testimony, the driver, in order to keep the cart on its course, prodded the right hand ox, causing him to quicken his pace. The theory of appellant is that the child was struck as a result of this sudden forward movement. The district judge, without deciding whether or not the driver had prodded the ox, found that in any event the child was guilty of contributory negligence in passing heedlessly in front of the moving oxen and so close to them as to be struck by one of them or by the tongue of the cart or by the yoke. In this we find no reversible error.

■ Section 22 of an Act, approved March 10, 1910 (Comp. Stat. 1911, sec. 2263) provides that: "Every driver of vehicles drawn by oxen shall always walk in front of the oxen while on public roads." There was a sharp conflict in the testimony as to whether the driver was seated on the cart or was walking beside the oxen on the left hand side. The

district judge was inclined to believe that he was walking beside the oxen. This, however, is not a pivotal point. He was not walking in front of the oxen and was therefore violating the statute at the time of the accident. The exact bearing and effect of this circumstance upon the question of defendant's liability is a question upon which the briefs shed little or no light. We shall not attempt an independent investigation of this aspect of the case. Without closing the door to discussion in future cases we are inclined to the view and for the time being hold that the effect of the statute is not to abrogate defendant's right to rely on contributory negligence as a defense. See 45 C. J. 980, sec. 532; 20 R.C.L. 104, sec. 90.

The judgment appealed from must be affirmed.